**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1332-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLYDE GAYLE,

    Defendant-Appellant.

_____

Submitted March 31, 2020 – Decided May 1, 2020

Before Judges Yannotti and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 12-08-2273.

Joseph E. Krakora, Public Defender, attorney for appellant (Charles P. Savoth, III, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Jason Magid, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Clyde Gayle appeals from an order entered by the Law Division on August 27, 2018, denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The facts and procedural history in this matter were previously summarized in our decision on defendant's direct appeal, State v. Gayle, No. A-0575-14 (App. Div. Mar. 17, 2017), in which we affirmed defendant's conviction and sentence. We briefly restate the facts pertinent to this appeal.

On August 30, 2012, defendant was charged with second-degree unlawful possession of a weapon, specifically, a .38 caliber handgun, N.J.S.A. 2C:39-5(b) (count one); fourth-degree possession of hollow-nose bullets, N.J.S.A. 2C:39-3(f) (count two); and second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(b) (count three).

We affirmed the trial court's denial of defendant's motion to suppress evidence regarding ShotSpotter, a system developed by the military to pinpoint when a firearm is discharged. Gayle, slip op. at 8. Following a two-day jury trial, a jury convicted defendant of all three counts. Id. at 9. The sentencing judge found defendant was eligible for an extended term, and sentenced him to an aggregate term of fourteen years of incarceration, with a seven-year period

of parole ineligibility.  Ibid.  The record shows defendant turned down a plea offer of three years imprisonment under the Graves Act,[1] without parole.

On November 15, 2017, defendant filed a pro se petition for PCR, and the court appointed counsel to represent defendant.  PCR counsel argued that defendant had been denied the effective assistance of counsel because his trial counsel failed to advise him to accept the plea offer.  Defendant's PCR counsel also argued that while defendant was in the hallway in the proximity of several jurors, a probation officer stated, "Didn't I have you before[?]" and trial counsel was deficient for failing to bring this to the trial court's attention.

On August 27, 2018, the PCR court, who was also the trial court, heard oral argument on the petition and denied relief.  In an oral opinion, the PCR court determined that trial counsel was not ineffective because the decision to accept or reject the plea offer was left to defendant, who decided to reject it and proceed to trial.

The PCR court was also unpersuaded by defendant's argument that his trial counsel was ineffective for failing to bring the probation officer's comment to its attention because the trial court made it abundantly clear to the jurors that they were not to interact with any of the parties, and therefore, it was unlikely

---

[1]  N.J.S.A. 2C:43-6(c).

they overhead the passing comment. In addition, the PCR court found the comment was innocuous and could not have improperly influenced the jurors.

Defendant's counsel raises the following argument in his brief:

> IT WAS AN ABUSE OF DISCRETION FOR THE PCR COURT TO DENY DEFENDANT AN EVIDENTIARY HEARING REGARDING: (1) THE FAILURE OF BOTH PLEA AND TRIAL COUNSEL TO ADVISE DEFENDANT CONCERNING THE CONSIDERABLE RISKS HE FACED IN PROCEEDING TO TRIAL AND (2) THE FAILURE OF TRIAL COUNSEL TO SEEK A CURE FOR JURORS' EXPOSURE TO EXTREMELY PREJUDICIAL INFORMATION.

Having thoroughly reviewed the record, we conclude that the arguments presented on appeal are entirely without merit. We affirm the denial of PCR substantially for the reasons stated by the PCR court. We add the following.

Defendant's claim that he was denied the effective assistance of counsel as required by the Sixth Amendment to the United States Constitution is considered under the standards enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to prevail on such a claim, a defendant first must show that his attorney's handling of the matter "fell below an objective standard of reasonableness." Id. at 688. A defendant also must show that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Our Supreme Court

4

has adopted this standard for evaluating ineffective-assistance-of-counsel claims under our State constitution. State v. Fritz, 105 N.J. 42, 58 (1987).

We reject defendant's contention that his plea and trial counsel were deficient for failing to advise him about the risks in proceeding to trial. "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." Lafler v. Cooper, 566 U.S. 156, 162 (2012). The Strickland test has also been applied to "challenges of guilty pleas based on ineffective assistance of counsel." State v. DiFrisco, 137 N.J. 434, 456 (1994).

However, in those cases where the Strickland test has been applied to rejected plea deals, specific instances of attorney ineffectiveness existed, such as assuring a client that the plaintiff had no proof of their case. Lafler, 566 U.S. at 161.

In providing such assurances, the Court stated "that this [was] not a case where petitioner's counsel merely offered a prediction about the outcome of the trial," rather, "[c]ounsel here advised petitioner that a conviction was not possible, even though it was. As the district court held, this erroneous advice was objectively unreasonable, and was indisputably so." Cooper v. Lafler, 376 Fed. Appx. 563, 571 (6th Cir. 2010).

5                                                          A-1332-18T2

In the matter under review, defendant asserts that trial counsel was ineffective for failing to advise him to accept the State's plea offer. The record shows defendant's counsel offered him a reasonable prediction of the outcome, but defendant chose to try the case instead. Unlike the situation in Lafler, defendant here clearly understood his decision to reject the plea offer, and he was not improperly assured of any outcome by his counsel. As the PCR court stated:

> Here, the -- the [d]efense contends he asked his attorney to attempt to negotiate a three-year prison sentence. Despite his attorney's reservations about the leniency of the offer, the State allegedly accepted.
>
> Based on the acceptance, the [defendant] surmised the case against -- against him must have been weak, however, his attorney apparently never explained the strengths or weaknesses of the case. Then before trial, the State offered a three-year sentence, one year to be served without parole, for the possession charge and indicated it was the last chance to accept the offer.
>
> The -- the attorney explained it was the last offer and -- and could accept or -- and stated his . . . the decision was up to him. [Defendant's] sister has submitted a certification stating that she was present during the plea deal discussions between [defendant] and his attorney, and she confirms [defendant]'s factual assertions.
>
> As the State argues, and the [c]ourt agrees, this case is considerably different from the facts in Lafler, and particularly, there's no are -- erroneous advice offered in this instance unlike the Lafler case. Here, [t]rial

[c]ounsel left the decision to accept the deal up to [defendant]. He alone made the decision to reject the deal and to proceed to trial.

He does not allege any . . . inaccurate advice from [c]ounsel. Counsel merely told him the proceeding was doing well, and in no way does that constitute any type . . . or guarantee of success at trial.

Rather, [defendant] argues [c]ounsel was deficient for not advising him to accept the deal. This is completely distinguishable from advising a [d]efendant to reject a deal based upon erroneous impressions of the case.

Ultimately, [defendant] was the only person who knew if he was guilty or not guilty. If he was innocent, it would have been wholly improper of [c]ounsel to advise him to falsely admit guilt. In sum, the decision to reject the plea was made by [defendant] and is not attributable to any deficient performance by [t]rial [c]ounsel.

Accordingly, prong one of the Strickland test has not been met and this argument does not constitute a basis for [PCR].

We are convinced the PCR court properly rejected defendant's argument that his counsel was deficient for not advising him to accept the plea offer.

We similarly reject defendant's argument that the PCR court failed to conclude that his counsel was ineffective for not bringing the comment made by the probation officer in front of several jurors to the trial court's attention. The record shows the probation officer was dressed in civilian attire, not a police

7

uniform or any clothing that would indicate he was affiliated with law enforcement. The comment itself was not prejudicial in nature, and there was no proof that any juror heard the comment. The PCR court aptly recognized he was also the trial court, and made "it abundantly clear to the [j]urors at all times they're to have no interaction with any of the parties, including the [d]efendant."

Additionally, the PCR court noted the alleged comment was "sufficiently innocuous to prevent any improper outside influence on the [j]urors." Furthermore, defendant's argument is not founded upon facts supported by an affidavit or certification warranting consideration. See State v. Jones, 219 N.J. 298, 312 (2014). Thus, we reject defendant's argument.

We also reject defendant's contention that the PCR court erred by failing to conduct an evidentiary hearing on his petition. A hearing on a PCR petition is warranted when the defendant presents a prima facie case in support of PCR, the court determines that there are material issues of disputed fact that cannot be resolved by review of the existing record, and the court finds that an evidentiary hearing is necessary. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354 (2013).

As we have explained, defendant failed to present a prima facie case of ineffective assistance of counsel. Defendant did not demonstrate prejudice

under the <u>Strickland</u> standard, and as a result, did not establish a prima facie case of ineffective assistance of counsel warranting a hearing. Moreover, the existing record was sufficient to resolve defendant's claims. The PCR court correctly determined that an evidentiary hearing was not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1332-18T2